[No. 18819. Department One. February 26, 1925.]

WALLA WALLA VALLEY RAILWAY COMPANY, *Appellant*,
v. W. O. CARTER *et al.*, *Respondents*.[1]

VENDOR AND PURCHASER (113)—REMEDIES OF VENDOR—ASSIGNMENT OF RIGHTS. A contract for the conveyance of land containing no provision against assignment may be enforced by the vendor's predecessors in interest.

RAILROADS (17, 18)—STATION GROUNDS—CONTRACTS FOR—TITLE AND CONDITIONS. Where grantors of a railroad right of way agreed to convey all of an adjacent tract which the company may need for station purposes when the buildings have been erected and the quantity of ground required determined, the company is entitled to have its title to the entire tract quieted on proof that it was all needed and used for station purposes; and it is immaterial that some of the buildings were put up and used by tenants of the company.

Cross-appeals from a judgment of the superior court for Walla Walla county, Mills, J., entered April 18, 1924, in favor of the plaintiff, in an action for specific performance, tried to the court. Reversed on plaintiff's appeal.

*Geo. T. Reid, Pedigo & Neal,* and *C. H. Winders,* for appellant.

*Sharpstein, Smith & Sharpstein,* for respondents.

[1]Reported in 233 Pac. 329.

MAIN, J.—The question in this case is whether the plaintiff was entitled to a decree quieting title to all of a triangular tract of ground consisting of 1.3 acres which it was using as station grounds. The trial court quieted the title in the plaintiff with the exception of two small tracts, one irregular in shape and consisting of .26 of an acre, and the other rectangular, consisting of .06 of an acre. Both parties appeal and will be referred to as plaintiff and defendants.

The plaintiff claimed the right to the entire tract and the defendants resisted this claim, but conceded that the plaintiff was entitled to the property occupied by its spur tracks and the ground necessary to the use thereof. In October, 1906, the then owners of what is referred to as lot 4, consisting of about twenty acres, deeded to the Walla Walla Valley Traction Company a thirty-foot right of way across the southwest corner thereof. To the south and west of this right of way so deeded and within the limits of the twenty-acre tract there was the land now in dispute. At the same time, the owners entered into a contract with the Walla Walla Valley Traction Company by which they agreed to convey to that company all the land south and west of its right of way which it "may need for sidings, warehouses, stations, depot and shed purposes, together with such ground as may be necessary for the said Walla Walla Traction Company to use in connection therewith, a definite description of the same to be prepared when the said buildings, sheds, etc., have been erected, and the quantity of ground required determined." The traction company, on July 1, 1909, conveyed all its rights in the property to the Northwest Corporation, and later that company transferred to the plaintiff in this action. The defendants were the successors in title to the owners at the time the deed and contract mentioned were made. Upon

the tract there had been erected warehouses, coal shed, platforms and other incidental structures necessary for station purposes. The freight shipments at this point had increased as the country surrounding developed. The fruit shipments alone had increased from one car in 1908 to four hundred and fifty cars in 1923.

The question is whether the plaintiff has a right to have the title to all of the tract quieted in it. In the contract under which it claims there is no provision against assignment, and therefore the plaintiff stands in the same position as would the company which originally was a party to it. The authorities on this question appear to be uniform and they need not be assembled here. Some of the buildings upon the tract, such as the warehouses, were not erected by the plaintiff, but were erected by parties holding leases from it. It was through the buildings erected upon the tract that the outgoing and incoming freight necessarily passed. They were used for purposes necessarily incident to station grounds. The fact that they were erected by other persons than the plaintiff does not deprive it of the right to claim that they were there for purposes incidental and necessary to the station grounds. In 2 Elliott on Railroads (2d ed.), § 931, it is said:

"Neither does the use of a part of the right of way for the erection of restaurants and places of amusement constitute an abandonment of the part so used if such structures conduce to the comfort of its passengers and augment its business. Nor does the erection of a public elevator or warehouse by the company, or its licensee, to be used to facilitate the business of the company, even if such use of its lands could be considered as unauthorized. A sale or transfer of its right of way to another company, by whom the road is completed and operated, is not an abandonment."

The evidence shows that all of the 1.3 acres is being used for railroad purposes and is necessary for the use

to which it is being put. We think the trial court should have entered a decree quieting title in the plaintiff to the entire tract.

The cause will be remanded to the superior court with direction to enter a judgment as herein indicated.

TOLMAN, C. J., MITCHELL, and BRIDGES, JJ., concur.